AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  4:19-cr-264 |
| George Wagner, III ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
See Attachment A.

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED this 14th day of November, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT "A"

Defendant George Wagner, III is charged by Indictment with a violation of Title 21 U.S.C. § 846—Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance (Count 2); and a violation of Titles 21 U.S.C. § 841(a)(1) and 18 U.S.C. §2—Possession with the Intent to Distribute and Distribution of Controlled Substances and Aiding and Abetting (Count 5). Per the Indictment, Count 2 carries a term of imprisonment of not more than twenty (20) years; a fine of not more than $1,000,000, or both; a term of supervised release of at least three (3) years; and a special assessment of $100. Count 5 carries a term of imprisonment not more than twenty (20) years; a fine of not more than $1,000,000, or both; a term of supervised release of at least three (3) years; and a special assessment of $100. The Government has sought to detain Defendant under Title 18 U.S.C. §§ 3142(f)(1) and 3142(f)(2). On November 6, 2019, the Court held a hearing to determine whether Defendant should be held in custody pending trial in accordance with 18 U.S.C. § 3142(f). Assistant United States Attorney Jay R. Combs appeared on behalf of the Government. Defense counsel Christie Merchant appeared on behalf of Defendant. The Parties concurred the presumption is applicable to this case.

The Court has considered the presumption arising under Title 18 U.S.C. §3142(e), as well as the testimony and evidence presented at the detention hearing (including the testimony of Task Force Officer David Roach, Dallas Police Department, and Defendant's proffer related to his proposed third-party custodian), and the Pretrial Services Report (including its recommendation that Defendant be detained), in light of all the factors listed in 18 U.S.C. § 3142(g)—including the nature and circumstances of the offense charged, the apparent weight of the evidence against Defendant, Defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community.

**EVIDENCE PRESENTED:**

**The Government's Evidence Shows Defendant is a Danger to the Community and a Flight Risk.**

The Government offered testimony from Task Force Officer David Roach with the Dallas Police Department. TFO Roach is employed as a Detective with the Dallas Police Department and he is currently assigned to the Drug Enforcement Agency. The Court found TFO Roach's testimony to be credible. TFO Roach testified to the following:

Defendant was identified as a supplier of narcotics in the Dallas-Fort Worth area and Oklahoma after an investigation following an overdose death in Fairview, Texas on or about December 28, 2018. TFO Roach advised that Defendant has a business relationship with co-defendant Bussell who has been identified as the leader and/or cell-head of a drug trafficking organization distributing various narcotics, including but not limited to counterfeit and illicit pharmaceutical narcotics. Defendant is alleged to have supplied the Bussell organization with a portion of the pharmaceutical narcotics it is distributing.

TFO Roach estimated the Bussell DTO is responsible for the distribution of approximately 3,000 Oxycodone pills per month and 2,000 (counterfeit) Adderall pills per month, which has been

occurring for at least 18 months; TFO Roach testified this volume of pills constitutes in excess of 5 kilograms of Fentanyl in regard to the Oxycodone pills and 5 kilograms of methamphetamine in regard to the Adderall pills. Multiple text messages between Defendant and Bussell reflected his active and voluntary participation in the distribution of narcotics. Defendant supplied and/or purchased from the Bussell DTO hundreds of Adderall pills, hundreds of THC-vape cartridges, and a substantial amount of "Molly" (MDMA). The narcotics that Defendant supplied were later provided to other mid-level distributors in the organization and/or sold to consumers (in hand-to-and transactions) of the Bussell DTO at co-defendant Bussell's direction. TFO Roach testified that another overdose death attributable to the Bussell DTO occurred within twenty-four hours prior to the instant detention hearing.

Defendant's Pretrial Services Report includes a recommendation that Defendant be detained and relays Defendant's lengthy prior criminal history which includes charges and convictions for: (1) attempted murder, 2nd degree (two charges) and theft of check; (2) criminal trespass; (3) burglary of a vehicle; (4) assault; and (5) criminal mischief. TFO Roach testified that Defendant's attempted murder charges resulted in convictions and a sentence of approximately fifteen years, which arose out of a stabbing during a narcotics transaction. The Government alleged Defendant has a past violation of parole. Defendant has a current, valid US passport (Defendant has offered to proffer that passport to the Court).

**Defendant's Evidence Fails to Rebut the Presumption.**

Testimony by TFO Roach confirmed that Defendant has ties to the community and a consistent history of employment. Character letters were submitted in support of Defendant's release by third parties, of those letters, TFO Roach testified that certain of the submissions came from individuals with prior felony conviction. Defendant called George William Wagner, Jr., Defendant's father, to testify. George Wagner, Jr. also offered to be a third-party custodian. The Court finds this testimony, alongside the testimony elicited on cross-examination, insufficient to rebut the presumption.

**CONCLUSION:**

Based on the allegations in the indictment, the evidence presented at Hearing, and the information in the Pretrial Services Report, the Court concludes as follows:

(1) The Indictment charges and evidence presented establishes that there is probable cause that Defendant committed the offenses with which she is charged, in violation of Titles 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and 21 U.S.C. § 846.

(2) Pursuant to 18 U.S.C. § 3142(e)(3)(A), a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the safety of the community or Defendant's appearance as required. *See United States v. Trosper*, 809 F.2d 1107, 1110 (5th Cir. 1987) (holding the presumption was properly applied to defendant upon proof that he had been indicted).

(3)     In addition to the presumption, the very nature of drug offenses constitutes a danger to the community, which may justify pretrial detention. *United States v. Morales*, No. 4:11CR3, 2011 WL 3651355, at *3 (E.D. Tex. Aug. 19, 2011) (citing *United States v. Royal,* 759 F. Supp. 1238 (E.D. Tex. 1990)); *see also United States v. Morris*, 608 F. App'x 299 (5th Cir. 2015) (citing *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985)); *United States v. Mathes*, 593 F. App'x 391, 392 (5th Cir. 2015); *United States v. Alvarado*, No. 2:17-CR-112-D, 2017 WL 5467686, at *3 (N.D. Tex. Nov. 14, 2017) ("In making its ultimate determination, 'the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society.'"); *United States v. Anderson*, No. 3:14-CR-210, 2014 WL 2764747, at *4 (N.D. Tex. June 18, 2014) ("The risk of continued narcotics trafficking on bail constitutes a risk to the community.")

(4)     Defendant has not rebutted the presumption that there is no condition or combination of conditions on which Defendant could be released that would reasonably assure that Defendant would not pose a danger to the community and/or that would reasonably assure his appearance at trial.

(5)     Defendant is therefore ordered detained pending trial.